# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRANDON FISHER, ET AL.                                    CIVIL ACTION NO.

VERSUS                                                            21-45-SDD-EWD

LUKE RELHMS

## RULING

On or about January 19, 2019, *pro se* Plaintiffs Darius Byrd, David Ramirez, Roland Angie, and Kiran Sirafite, persons then confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983.[1]  On January 22, 2021, the Court issued deficiency letters to Plaintiffs directing them to correct the deficiencies in the suit.[2]  On January 28, 2021, this correspondence was returned from Darius Byrd, Kiran Sirafite, and Roland Angie, and on February 4, 2021, it was returned from David Ramirez.[3]  The letter was returned from Darius Byrd because he is no longer at LSP and from Sirafite, Angie, and Ramirez because their names did not match their respective department of corrections inmate numbers.[4]

With respect to Darius Byrd, whom is no longer housed at LSP, pursuant to Local Rule 41(b)(4) of the Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute a cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty (30) days.  As a practical matter, the case cannot proceed without

---

[1] R. Doc. 1.  Numerous other Plaintiffs were included in the original complaint, most of whom have been dismissed from this action.  *See* R. Doc. 18.
[2] R. Doc. 7.
[3] R. Docs. 9 & 12.
[4] R. Docs. 9 & 12.

an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings.

Similarly, with respect to the Plaintiffs Angie, Sirafite, and Ramirez, though the Court has attempted to decipher the names and numbers of these inmates, the information provided is illegible.  "By not providing the court with [a clear] name and inmate number, plaintiff has prevented the court from communicating with him and moving this case towards resolution."[5] Thus, these Plaintiffs have failed to diligently prosecute this case, and it should therefore be dismissed for want of prosecution.[6]  Accordingly,

**IT IS ORDERED** that the claims of Plaintiffs Darius Byrd, David Ramirez, Roland Angie, and Kiran Sirafite be and are hereby **DISMISSED, WITHOUT PREJUDICE**, for want of prosecution.[7]

**IT IS FURTHER ORDERED** that, on motion of Plaintiffs, filed within thirty (30) days, and upon a showing of good cause, the Court may consider reinstatement of Plaintiffs' claims on the Court's Docket.

Signed in Baton Rouge, Louisiana the ___23rd___ day of March, 2021.

_Shelly D. Dick_
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] *Dynel v. Smith*, No. 08-349, 2008 WL 4601500, at *2 (E.D. Tex. Oct. 6, 2008).
[6] *Id.*
[7] The Court notes that upon the issuance of this Ruling, the sole remaining Plaintiff in this case will be Jonathan M. Rosalie.