UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON FISHER (#522379), ET AL.        CIVIL ACTION NO.

VERSUS                                  21-45-SDD-EWD

LUKE RHEAMS, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 7, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BRANDON FISHER (#522379), ET AL.**          **CIVIL ACTION NO.**

**VERSUS**                                     **21-45-SDD-EWD**

**LUKE RHEAMS, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION AND ORDER

Before the Court is the Complaint of Jonathan M. Rosalie ("Rosalie"), an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Rosalie's claims be dismissed without prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A because Rosalie failed to exhaust administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e. Additionally, denial is also recommended of the Motion to Correct Record of Law Suit,[2] filed by Kinoy Singlton, which seeks reinstatement of his claims in this matter, as Singlton's claims are also unexhausted on the face to the complaint.

### I.    Background

Rosalie brought this action seeking monetary and injunctive relief[3] against Luke Rheams, James Arnold, Michael Jack, J. Thomas, Zeneika Payne, and Donald LaManna ("Defendants") for violating his civil rights pursuant 42 U.S.C. § 1983.[4]

---

[1] R. Doc. 21. R. Doc. 21 is the operative Complaint in this action. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates the earlier pleading). This action previously included numerous other plaintiffs, but all except Rosalie have been dismissed. R. Docs. 18 & 26.
[2] R. Doc. 29.
[3] R. Doc. 21, p. 10.
[4] Rosalie complains that on January 14, 2021 he was forced to stand outside without anywhere to sit and without anything to drink or access to the restroom. R. Doc. 21, p. 6. Rosalie also complains that Defendants threatened him, that temperatures became cold, that he was wrongfully charged with a disciplinary violation, and that Defendants violated coronavirus guidelines set by the state. R. Doc. 21, pp. 7-9.

## II.    Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statutes impose similar standards for dismissal.[5]  Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[6]  A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[7]  The law gives judges not only the authority to dismiss a claim that is based on a meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[8]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[9]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts use the same standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]  The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[11]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12]  "A claim has facial

---

[5] Rosalie was originally granted permission to proceed *in forma pauperis* on February 25, 2021 (R. Doc. 23).  This Order was later vacated to provide Plaintiff permission to proceed *in forma pauperis* without prepayment of an initial partial filing fee (R. Doc. 28), so both statutes apply.
[6] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[8] *Denton,* 504 U.S. at 32.
[9] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[10] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[11] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[14]

### B. Rosalie's Claims are Unexhausted on the Face of the Complaint

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[15] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[16] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [17] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[18] However, the United States Court of Appeals for the Fifth Circuit permits a district court to dismiss a case on its own motion for failure to state a claim, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[19]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP

---

[13] *Id.*
[14] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[15] 42 U.S.C. § 1997(e)(a).
[16] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[17] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).
[18] *Jones*, 549 U.S. at 216.
[19] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014), citing *Jones*, 549 U.S. at 215.

process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate starts the ARP process by completing a request for administrative remedy or by writing a letter to the warden.[20] An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons.[21] A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for a Prison Rape Elimination Act [PREA] claim).[22] An inmate dissatisfied with the first step response may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections (DOC). The DOC Secretary must issue a response within forty-five (45) days from the date the request is received using a second step response form.[23] An inmate dissatisfied with the second step response may file suit.[24] Further, this suit was originally filed, at the latest, only five days after the events that form the basis of the action,[25] making it impossible for administrative remedies to have been exhausted prior to the filing of suit. Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.[26]

It is clear from the face of the Complaint that Rosalie's claims are unexhausted. Rosalie responded "No" to the question on the Complaint form as to whether he presented the facts relating to his complaint in the state prisoner grievance procedure.[27] Pursuant to 42 U.S.C. § 1997e, Rosalie was required to exhaust administrative remedies available to him at the prison prior to

---

[20] La. Admin. Code tit. 22, Part I, § 325(G)(1)(a)(i).
[21] La. Admin. Code tit. 22, Part I, § 325(I).
[22] La. Admin. Code tit. 22, Part I, § 325 (J)(1)(a).
[23] La. Admin. Code tit. 22, Part I, § 325 (J)(1)(b).
[24] La. Admin. Code tit. 22, Part I, § 325 (J)(1)(b)(iv).
[25] *See* R. Doc. 1. The Affidavit is dated January 14, 2021, the same date as the events that form the basis of this action. R. Doc. 1, p. 3. The suit was received and docketed by this Court on January 19, 2021.
[26] La. Admin. Code tit. 22, Part I, § 325 (J)(1)(c).
[27] R. Doc. 21, p. 4.

4

commencing a civil action in this Court. Though Rosalie alleges the circumstances presented constituted an emergency,[28] that would not relieve him of the requirement to exhaust administrative remedies.[29] Rather, the ARP process provides special procedures in the event that the situation complained of is an emergency.[30] Rosalie does not allege that he filed an emergency grievance; rather, his Complaint is clear that he did not file a grievance at all. Further, Rosalie's argument that he failed to exhaust because he was seeking injunctive relief fares no better because "'[r]equests for injunctive relief are not exempt from the exhaustion requirement, and failure to completely exhaust prior to filing suit cannot be excused.'"[31] Because Rosalie failed to complete either the regular or emergency ARP process prior to filing suit, his claims should be dismissed without prejudice for failure to exhaust.[32]

### C. The Motion to Correct Record of Lawsuit by Kinoy Singlton Should be Denied

Kinoy Singlton ("Singlton"), whose name was previously illegible but was incorrectly deciphered by the Court previously to be Kiran Sirafite, has filed a motion that is, in effect, a motion for relief from judgment brought pursuant to Rule 60(b).[33] Singlton's claims were dismissed by this Court on March 23, 2021 for want of prosecution.[34] That ruling provided that on motion filed within thirty days and upon a showing of good cause, the Court may consider reinstatement of Singlton's claims on the Court's docket.[35] Singlton is another individual who complains regarding conditions that existed on January 14, 2021. Though Singlton has shown good cause for failing to prosecute this action,[36] it is most judicially efficient to deny the Motion

---

[28] R. Doc. 21, p. 4.
[29] *Dartson v. Kastner*, No. 06-180, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006) (collecting cases).
[30] La. Admin. Code tit. 22, Pt. 1, § 325(H).
[31] *Muhammad v. Wiles*, __ Fed.Appx. __, 2021 WL 112523, at *4 (5th Cir. 2021), quoting *McMillan v. Dir., Tex. Dep't of Crim. Just., Corr. Insts. Div.*, 540 Fed.Appx. 358, 359 (5th Cir. 2013)).
[32] *Dartson*, 2006 WL 3702634, at **2-3.
[33] R. Doc. 29.
[34] R. Doc. 26.
[35] R. Doc. 26.
[36] Singlton did not receive this Court's correspondence because his name was misspelled. R. Doc. 26.

5

to Correct Record. For the same reasons as those explained above regarding Rosalie's claims, Singlton's claims are unexhausted. Accordingly, reinstating Singlton's claims on the docket would be futile as the claims are subject to dismissal on screening.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Jonathan Rosalie's claims against Luke Rheams, Warden James Arnold, Michael Jack, J. Thomas, Zeneika Payne, and Donald LaManna be **DISMISSED WITHOUT PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to Rosalie's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.[37]

**IT IS FURTHER RECOMMENDED** that Plaintiff Kinoy Singlton's Motion to Correct Record, which is construed as a motion for relief pursuant to Fed. R. Civ. Proc. 60(b), be **DENIED** as his claims are also unexhausted.

If this Report and Recommendation is adopted, **IT IS FURTHER RECOMMENDED** that the case be **CLOSED** as all claims will be resolved.

Signed in Baton Rouge, Louisiana, on June 7, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] Jonathan Rosalie is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.